Curia, per

Evans, J.
The facts of this case, so far as it is necessary to state them for the purpose of deciding this cause, are these : Mrs. Stent was one of the distributees of one Joseph Motte, Who died intestate in the State of- New York, on the 21st of July, 1833. The plain-' tiffs executed a powei of attorney to the defendant, authorizing him to ask, demand, and receive Mrs. Stent’s share of the real and personal es-> tate of Motte. On the 25th July, Í833, an agreement was entered into' between Stent, for himself and wife, and the defendant, in these words, viz: “That Benjamin F. Hunt should proceed to New York, and fully investigate the estate of Joseph Motte, deceased, of Harlem, and shall prosecute the claim of us, the said Johh Stent and wife, to receive all the' real and personal estate to which we may be entitled ; and we agree that the said Benjamin F. Hunt shall retain twenty per cent, on the amount received, in lieu of all fees and commissions, for adjusting, investigating,- and paying over the amount so to be recovered.’’ In pursuance of this agreement, the defendant proceeded to New York, and instituted the necessary proceedings, for the purpose of reducing into possession Mrs. Stent’s share of the estate of Motte. In May, 1834, the defendant received of the administrator of Motte, $1,400; and in Maich, 1835, he received the further sum of $584,69, being the share of the plaintiffs of the' personal estate. The real estate was afterwards sold for $16,700, of which sum it would seem from the evidence, Mrs. Stent was entitled to (^) one eighth part. In consequence of some disagreement between the parties,this action was brought to recover of the defendant the plaintiffs’s share of the money received, after deducting the defendant’s commissions. The action was indebitatus assumpsit, for money had and received to the plain-' tiffs’s use. It was objected, that as there was a special agreement between' the parties, the plaintiffs should have declared on the special agreement. *224 The presiding judge was of that opinion, and non-suited the plaintiffs f and the motion in this court is to leverse that decision.
Yetidon M’Bethj fdr the motion. Thompson, contra'.'
There is no doubt of the correctness of the principle, that where there is a subsisting agreement between thb parties, upon which the plaintiff’s right to recover depends, there the action must be on the special contract, and the plaintiff cannot recover on the cdriimon counts. This doctrine is well explained in the case of Rye vs. Stubbs, 1 Hill, p. 384, and all the leading cases are referred to. If this action was for the non-performance bf the agreement, then the principle bontended for worild apply. But I apprehend the plaintiffs’s title to their money is wholly independent of the agreement. Did the defendant receive the money under the agreement ? No. He received it by virtue of his power of attorney from the plaintiffs to him. Without this he never could have possessed himself of it. If the defendant had brought his action to recover his compensation of 20 per bent., he should have declared on the special contract, because, independent of that, he had no right to the compensation. This case does not vary from the common cáse of an attorney’s rebeiving his client’s money, which he has no right to retain. It may be recovered from him as money had and received to the use of his principal. A client delivers a note to ari attorney and says, collect this,' and I will give you 20 per cent. The attorney’s right to his commission depends Oh the contract; but his client^' right of action depends on the fact that the money is his and received for his use. Other points were made and argued, but as the non-suit was granted on this ground alone, it is not thought necessary to express anf Opinion upon them. The motion is granted.
Richardson, O’Neall and Butler, JJ., concurred.